**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **Ice Rover, Inc,** | § | |
| *Plaintiff,* | § | |
| | § | **6:22-CV-00794-ADA-DTG** |
| *v.* | § | |
| | § | |
| **Brumate, Inc.,** | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

TO:   **THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Brumate, Inc.'s Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(3). ECF No. 8. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Defendant's Motion be **DENIED** to the extent dismissal is requested but that the case be **TRANSFERRED** to the District of Colorado..

## I. FACTUAL BACKGROUND

On July 18, 2022, Plaintiff Ice Rover, Inc. filed its Complaint for infringement of U.S. Pat. No. 10,272,934 (the "'934 Patent") against Defendant Brumate, Inc. ECF No. 1. Plaintiff asserts that venue is proper in the Western District of Texas because Defendant has regular and established places of business throughout this district. ECF No. 1. In its Complaint, Plaintiff identifies two

locations, one in Austin and the other in San Antonio, where Defendant allegedly has a regular and established place of business. *Id.* Defendant filed a 12(b)(3) Motion to Dismiss Plaintiff's Complaint for improper venue or in the alternative to transfer venue pursuant to 28 U.S.C. § 1406(a) to the District of Colorado. ECF No. 8. Plaintiff filed a Response in opposition to Defendant's 12(b)(3) Motion, and Defendant, in turn, filed a Reply in support of its motion. ECF No. 15; ECF No. 16.

Defendant contends that it has no place of business in Texas. Defendant was originally established as an Indiana limited liability company while its founder lived in Indiana. When its founder moved to Colorado, it incorporated in Colorado and transferred the assets of the limited liability company to the corporation. ECF No. 8, at 2. Defendant was eventually converted into a Deleware corporation that included the assets of the Indiana limited liability company. *Id.* Defendant's headquarters and only office, however, has been in Denver, Colorado, since 2019. *Id.* This is the location of the vast majority of Defendant's employees and where most of Defendant's business is conducted. *Id.* Defendant operates no physical retail locations, and all of its sales are "either online or through third-party retailers." *Id.*

Defendanthas no offices or employees in the state of Texas. *Id.* Defendanthas contracts with two sales agencies in Texas that "handle promotion and sale of [Defendant's] products to retailers located in the Western District of Texas." ECF No. 15-1, at 13. Defendant sells its goods through approximately 150 retail stores ("authorized retailers" or "authorized dealers") in the Western District of Texas. ECF No. 15 at 2 & ECF No. 15-1 at 2-5. Defendant includes the address and name of these third-party retailers on its website as "authorized dealers." ECF No. 15, at 3. Plaintiff alleges, and Defendant does not contest, that Defendant has certain policies that it requests these retailers to follow, a Minimum Advertised Price Policy and Distribution Policy. *Id.* at 7-8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). Regarding the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). Regarding the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id.*

(citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee—"the defendant must establish or ratify the place of business." *Id.* at 1363.

When the defendant challenges venue in a patent case, the Plaintiff bears the burden of establishing proper venue. Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue. *See Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (*per curiam*)). Furthermore, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). Failure to satisfy any statutory requirement requires a finding of improper venue.

### III. DISCUSSION

Determination of whether venue is proper in this Court hinges on whether Defendant has a regular and established place of business in this district. Plaintiff contends that the stores operated by Defendant's Authorized Retailers where Defendant's products are sold constitute "regular and established" places of business.

Plaintiff argues that the relationship between Defendant and the 150 authorized third-party retailers, in conjunction with contractual duties of the two sales agencies Defendant utilizes, constitutes the requisite level of control to make the authorized retailers Defendant's "regular and established place of business." ECF No. 15, at 8.

Plaintiff contends that Defendant's exercise sufficient control over the authorized retailers for them to qualify as Defendant's regular and established place of business. The authorized

4

dealers are prohibited from advertising and selling Defendant products below a minimum price, selling Defendant products to other third-party sellers, and warehousing Defendant products at third-party locations. ECF No. 15 at 8, & ECF No. 15-1, at 7-8. The two sales agencies solicit orders from these authorized dealers and provide Defendant with other sales and reporting functions within the district. ECF No. 15 at 8, & ECF No. 15-1, at 22-42.

The Court is not persuaded that this is sufficient to be Defendant's regular and established place of business. These requirements do not rise to the level of control necessary to make the authorized dealers agents of Defendant. *See In re Google*, 949 F.3d at 1346. Defendant asserts that the authorized dealers still have ultimate control of how "[Defendant]'s products are to be promoted, displayed, and/or sold." ECF No. 16, at 2. Because the authorized dealers purchase Defendant's products and then resell them, they are not directly performing the function of Defendant's business but conducting their own business. ECF No. 16 at 2.

The mere presence of "authorized retailers [within a district] … do[es] not suffice to establish venue under § 1400(b)." *Vaxcel Int'l Co. v. Minka Lighting, Inc.*, No. 18 CV 0607, 2018 WL 6930772, at *3 (N.D. Ill. July 11, 2018); *see also Inhale, Inc. v. Gravitron*, LLC, 2019 WL 5880192, *4 (N.D. Cal. Sept. 5, 2018) ("Numerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute."); *W. View Research, LLC v. BMW of N. Am., LLC*, No. 16-cv-2590 JLS, 2018 WL 4367378, at *8 (S.D. Cal. Feb. 5, 2018) ("Here, Defendants and the dealerships are separate corporate entities ... The Court finds no facts to support collapsing the corporate forms; the dealerships' physical locations are not places of Defendants.") In this case, Defendant and the authorized dealers are entirely distinct entities. Defendant does not pay fees for shelf space nor exert control over product placement and advertisement at its authorized dealers. *See Tinnus*, 2018 WL 4524119, at *5.

5

Defendant leaves great discretion to third-party retailers as to how to sell Defendant's products. *See* ECF No. 15-1, at 15 (Defendant's response to Interrogatory No. 5).

Defendant does not possess or control the physical locations of these third-parties. Defendant does not promote the locations as Defendant's stores. Defendant neither employs any persons to work at the locations nor advertises the locations as belonging to Defendant. Defendant therefore does not exercise the requisite level of control to transform the third-party locations into a regular and established place of business for purposes of venue.

Because the Court finds that Defendant does not have a regular and established place of business in this district, the Court finds that venue is not proper. However, the Court may "in the interest of justice" transfer the "case to any district or division in which it could have been brought. 28 U.S.C. § 1406. Defendant submits that if the Court finds that the interests of justice support transferring the case rather than dismissing it, the case should be transferred to the District of Colorado because both Plaintiff and Defendant have their principal places of business in Colorado, and Plaintiff is a Colorado entity. ECF No. 8 at 10 (requesting that in the alternative, this Court transfer the case to the District of Colorado). Plaintiff does not appear to dispute that venue would be proper in Colorado. *See* ECF No. 15. The Court finds that the interests of justice support a transfer of this case rather than a dismissal. Transfer will avoid any potential prejudice to Plaintiff in refiling the case and Defendant will not be unduly burdened by defending this action in its home state. *See Turner v. Harvard MedTech of Nevada, LLC*, 620 F. Supp.3d 569, 576 (W.D. Tex. 2022).

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss be **DENIED** to the extent Defendant requests dismissal. The undersigned further recommends that Defendant's

request in the alternative to transfer the case to the District of Colorado be **GRANTED** and the case be transferred.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 28th day of August 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE